IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

HAKIM NASEER,

                                      Plaintiff,

    v.

CAPT. RADTKE, C/O NEUMAIER,
C/O ISAACSON, C/O SWENSON,
C/O PULVER, C/O TRIMBLE, C/O KROCKER,
2ND SHIFT STAFF, D/S-1 OFFICERS (JOHN DOES),
1ST SHIFT SERGEANT, D/S-1 OFFICER (JOHN DOE),
2ND SHIFT SERGEANT, D/S-1 OFFICER (JOHN DOE),
1ST SHIFT SUPERVISOR (JOHN DOE),
2nd SHIFT SUPERVISOR (JOHN DOE),
1ST SHIFT CONTROL STATUS OBSERVING
OFFICER (J.D), 2ND SHIFT CONTROL
STATUS OBSERVING OFFICER (J.D),
DR. TOBIASZ, Psychologist,

                                        Defendants.

ORDER

09-cv-569-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      In this prisoner civil rights case, plaintiff Hakim Naseer alleges that prison officials violated his Eighth Amendment rights by leaving him in a filthy and freezing prison cell. He has requested leave to proceed in forma pauperis and the court has determined that he presently has no means with which to pay an initial partial payment of the filing fee.

1

Plaintiff is a prisoner confined at the Wisconsin Secure Program Facility. Because he is a prisoner, the 1996 Prison Litigation Reform Act requires the court to deny leave to proceed on his claims if he has had three or more lawsuits or appeals dismissed for lack of legal merit, or if his complaint is legally frivolous, malicious, fails to state a claim upon which relief may be granted or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915(e). Plaintiff is a pro se litigant, which means his complaint will be construed liberally as it is reviewed for these potential defects. Haines v. Kerner, 404 U.S. 519, 521 (1972).

However, I cannot reach the merits of plaintiff's claims at this time because his pleading violates Rule 8 of the Federal Rules of Civil Procedure. Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Plaintiff describes the unpleasant conditions of his cell, but he does not put defendants on notice as to what each of them did or what they knew about his conditions. Indeed, he does not even mention any defendant in the body of his complaint, except to say that "all defendants were aware of my conditions." Such conclusory statements do not satisfy Rule 8 and must be disregarded. Aschcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009). What plaintiff must provide are concrete allegations that make it plausible to infer that each defendant knew about his conditions. In other words, plaintiff should explain in his complaint why he has concluded that each defendant was aware of his conditions rather

2

than simply state that it is so.

Because plaintiff's complaint does not comply with Rule 8, I must dismiss it without prejudice. Plaintiff is free to file an amended complaint that includes the allegations that are missing. If plaintiff decides to amend his complaint, he should draft the complaint as if he were telling a story to people who know nothing about her situation. Someone reading the complaint should be able to answer the following questions:

- What are the *facts* that form the basis for plaintiff's claims?
- What did defendants do that makes them liable for violating plaintiff's rights?
- How was plaintiff injured by defendants' conduct?

I will consider the merits of plaintiff's claims against defendants only after he files an amended complaint that complies with Rule 8.

ORDER

IT IS ORDERED that

1. Plaintiff Hakim Naseer's complaint is DISMISSED because it is in violation of Fed. R. Civ. P. 8.

2. Plaintiff may have until October 28, 2009, in which to submit a proposed amended complaint that conforms to Rule 8. If, by October 28, 2009, plaintiff fails to respond to this order, the clerk of court is directed to close this case for plaintiff's failure to

prosecute.

    3. If, by October 28, 2009, plaintiff submits a proposed amended complaint as required by this order, I will take that complaint under advisement for screening pursuant to 28 U.S.C. § 1915.

    Entered this 8th day of October, 2009.

                               BY THE COURT:

                               /s/

                               _____
                               BARBARA B. CRABB
                               District Judge