IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

HAKIM NASEER,

                Plaintiff

                    v.

CAPTAIN RADTKE, C/O NEUMAIER,
C/O ISAACSON, C/O SWENSON, C/O PULVER,
C/O TRIMBLE, C/O KROCKER, DR. TOBIASZ,
SGT. ROBERT MORRIN, SGT. JAMES KOTTKA,
C/O RYAN ARMSON, BRIAN CAHAK,
WILLIAM CONROY, JONATHAN PARKER,
LOGAN WALKER[1], LT. THOMAS SCHOENBERG
and CAPT. SEAN SALTER,

                Defendants.

OPINION AND
ORDER

09-cv-569-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
-

      This is a prisoner civil rights action brought under 42 U.S.C. § 1983.  On November

6, 2009, I granted plaintiff Hakim Naseer leave to proceed in forma pauperis on his claim

that defendants violated his Eighth Amendment rights by leaving him in severe cold in his

---

[1]In plaintiff's amended complaint, he identified "Logan Walter" as a defendant, but the parties refer to him as "Logan Walker."  The caption has been amended to reflect the proper spelling of his name.

cell and refusing to provide him clothing or bedding.  The case is presently before the court on defendants' motion for summary judgment.

Plaintiff has conceded that defendants Pulver, Neumaier, Krocker, Parker, Isaacson, Swenson, Armson, Trimble, Kottka, Morin, Schoeneberg and Salter did not act with deliberate indifference to his cell conditions or otherwise violate plaintiff's constitutional rights.  As for the remaining defendants, plaintiff has failed to adduce sufficient evidence from which a reasonable jury could find that these defendants violated the Eighth Amendment by being deliberately indifferent to plaintiff's situation or intending to humiliate or psychologically harm him.  Therefore, defendants' motion for summary judgment will be granted.

Before turning to the facts, a word about procedure is in order.  First, I will not consider facts contained only in a brief, as explained in the Preliminary Pretrial Conference Order, because each proposed fact must be supported by admissible evidence.  Procedure to be Followed on Motions for Summary Judgment, attached to Preliminary Pretrial Conference Order, dkt. #14, I.B.4.  Next, I will disregard those facts that are conclusory or supported only by statements from an affiant who fails to explain how he knows what he asserts.  For example, plaintiff's assertions that particular defendants "knew" certain things are inadmissible.  The person providing the testimony must demonstrate that he has personal knowledge of the things about which he testifies.

2

From the parties' proposed findings of fact and the record, I find the following facts to be material and undisputed.

UNDISPUTED FACTS

At all relevant times, plaintiff Naseer was incarcerated at the Columbia Correctional Institution in Portage, Wisconsin.  Defendants are employed by the Wisconsin Department of Corrections at the Columbia Correctional Institution.  Defendants Brian Cahak, Logan Walker and William Conroy are correctional officers.  Defendant Dylon Radtke is a captain. Defendant Ryan Tobiasz is a psychological associate.

On March 6, 2009, at 8:30 a.m., defendant Radtke placed plaintiff into controlled segregation in "cell 7 of the DS-1 unit" after he determined that plaintiff had made disrespectful comments to the staff and resisted staff's orders to stop making such comments. (The parties dispute whether the content of plaintiffs comments included racial slurs and whether plaintiff also attempted to spit on Officer Neumaier.)  Defendant Radtke decided that for the initial placement, plaintiff would not be allowed to have clothing or bedding. Only supervising officers such as defendant Radtke have the authority to make decisions about whether an inmate can have clothing or bedding in his cell during controlled segregation.

While plaintiff was in controlled segregation, a correctional officer checked on him

every 30 minutes.  During the first 17 hours of plaintiff's stay in segregation, he was checked a total of 37 times.  On March 6, 2009, at 11:30 p.m., plaintiff complained about being cold to an officer Johnson.  (The parties dispute how many times plaintiff complained about being cold to the correctional officers checking on him.  Plaintiff avers that he told defendants Cahak, Conroy and Walker and officer Johnson that he was cold on five occasions when they came to check on him.  Defendants offer evidence that plaintiff complained about being cold only once and only to officer Johnson.)  After about 17 hours had passed, officer Johnson provided plaintiff with a smock and security mat.

The average temperature of the cells of the DS-1 Unit, including plaintiff's cell 7, was approximately 76-77 degrees on March 6 and 7, 2009.  (Plaintiff attempts to challenge the accuracy of defendants' cell temperature evidence by pointing to the outside temperature listed in the same logs, which he says was 41 and 43 degrees "below [zero]."  The logs do not list the outdoor temperature as negative, but more important, plaintiff offers no evidence to support his theory that low outdoor temperatures somehow caused the reading of indoor temperatures to be inaccurate.)

## DISCUSSION

### A.  Standard of Review

Under Fed. R. Civ. P. 56, summary judgment is appropriate "when there are no

genuine issues of material fact and the moving party is entitled to judgment as a matter of law." Goldstein v. Fidelity & Guaranty Ins. Underwriters, Inc., 86 F.3d 749, 750 (7th Cir. 1996) (citing Fed. R. Civ. P. 56); see also Celotex v. Catrett, 477 U.S. 317, 323 (1986). All reasonable inferences from undisputed facts should be drawn in favor of the nonmoving party. Baron v. City of Highland Park, 195 F.3d 333, 338 (7th Cir. 1999); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). However, the nonmoving party cannot simply rest upon the pleadings once the moving party has made a properly supported motion for summary judgment; instead, the nonmoving party must "set out specific facts showing a genuine issue for trial." Fed. R. Civ. P 56(e)(2).

## B.  Eighth Amendment

Plaintiff alleges three Eighth Amendment claims: 1) his cell conditions exposed him to a substantial risk of serious harm and denied him "the minimal civilized measure of life's necessities," 2) his cell conditions were intended to humiliate and inflict psychological harm, and 3) excessive force was used against him before he was placed in controlled segregation.

## 1.  Cell conditions

### a.  Substantial risk of harm

The Eighth Amendment requires the government to "provide humane conditions of

5

confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of inmates.'" Farmer v. Brennan, 511 U.S. 825, 832 (1994) (quoting Hudson v. Palmer, 468 U.S. 517, 526-27 (1984)). Conditions of confinement that "involve the wanton and unnecessary infliction of pain," deny a prisoner "the minimal civilized measure of life's necessities" or are "grossly disproportionate to the severity of the crime warranting imprisonment" are unconstitutional, Rhodes v. Chapman, 452 U.S. 337, 347 (1981), as are conditions that expose a prisoner to a substantial risk of serious harm, Farmer, 511 U.S. at 847.

A conditions of confinement claim under the Eighth Amendment requires that plaintiff's allegations about the conditions satisfy a test that involves both a subjective and objective component. Farmer, 511 U.S. at 834. The objective component focuses on "whether the conditions at issue were sufficiently serious so that a prison official's act or omission results in the denial of the minimal civilized measure of life's necessities." Townsend v. Fuchs, 522 F.3d 765, 773 (7th Cir. 2008) (internal quotations omitted). The subjective component focuses on "whether the prison officials acted wantonly and with a sufficiently culpable state of mind." Lunsford v. Bennett, 17 F.3d 1574, 1579 (7th Cir. 1994).

In prison conditions cases, the requisite "state of mind is one of 'deliberate

6

indifference' to inmate health or safety." Farmer, 511 U.S. at 834. Deliberate indifference "implies at a minimum actual knowledge of impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it." Dixon v. Godinez, 114 F.3d 640, 645 (7th Cir. 1997) (quoting Duckworth v. Franzen, 780 F.2d 645, 653 (7th Cir. 1985)). To meet this component, "it is not enough for the inmate to show that the official acted negligently or that he or she should have known about the risk." Townsend, 522 F.3d at 773. Rather, "the inmate must show that the official received information from which the inference could be drawn that a substantial risk existed, and that the official actually drew the inference." Id.

### i.  cold temperatures, lack of clothing and bedding

Because prisoners have the right to life's necessity of adequate shelter, they also have a right to "protection from extreme cold." Dixon, 114 F.3d at 642. For Eighth Amendment claims based on low cell temperature, courts should examine several factors, such as "the severity of the cold; its duration; whether the prisoner has alternative means to protect himself from the cold; the adequacy of such alternatives; as well as whether he must endure other uncomfortable conditions as well as cold." Id. at 644. "Cold temperatures need not imminently threaten inmates' health to violate the Eighth Amendment." Id. Taken in combination, the conditions of low cell temperature, lack of clothing and bedding may

7

establish an Eighth Amendment violation because they have "a mutually enforcing effect that produces the deprivation of a single, identifiable human need" such as warmth. Wilson v. Seiter, 501 U.S. 294, 304 (1991).

In opposing summary judgment, plaintiff has failed to produce evidence to show that his conditions were "sufficiently serious." It is undisputed that the average cell temperatures within the area in which plaintiff was confined were between 76-77 degrees, and plaintiff did not offer evidence that his cell was particularly cold. In his amended complaint, which was signed under penalty of perjury, plaintiff described the temperature within his cell as being cold enough to cause "severe numbness on and around [his] body cavities" and "difficulty in swallowing." However, plaintiff did not offer an affidavit to this effect as evidence in opposition to defendants' motion for summary judgment, which means that defendants had no opportunity to raise any challenges they might have had to the admissibility or truth of these assertions. Even if they could be considered, plaintiff's claim fails on the subjective factor of deliberate indifference. Plaintiff avers that defendants Tobiasz, Cahak, Conroy and Walker knew that plaintiff was experiencing "severe coldness," but he has not produced any evidence to explain how he knew that they were aware of his condition. Plaintiff did not adduce evidence that defendant Tobiasz knew anything about his discomfort and as for defendants Cahak, Conroy and Walker, he asserts only that he told them that he was "cold."

In plaintiff's brief opposing summary judgment, plaintiff points to defendants' exhibit

8

"D" (the observation logs) to show that he told defendants Cahak, Conroy and Walker that he was suffering from "severe coldness." However, defendants' exhibit "D" never once mentions "severe coldness." The logs indicate only that plaintiff was "yelling" and "talking" during the relevant checkups.

All plaintiff is left with is his assertion that he told defendants he was "cold." Such a statement would not put defendants on notice that plaintiff's cell conditions were so bad that he was at substantial risk of serious harm. Because plaintiff was in the cell without any clothing or bedding, a reasonable jury could infer that defendants would expect plaintiff to be "cold." Without additional, specific facts suggesting that plaintiff could be "extremely or severely cold," defendants would not have known that the cold was a substantial risk to plaintiff's health and safety or that he was being deprived of the "minimal civilized measure of life's necessities."

As to defendant Radtke, plaintiff did not offer any evidence that this defendant knew or was ever told that plaintiff was complaining of the cold or that he had any reason to think that plaintiff could be exposed to severe cold. Defendant Radtke cannot be personally liable for any deprivation of plaintiff's constitutional right unless the deprivation occurred at his direction or with his knowledge and consent. Gentry v. Duckworth, 65 F.3d 555, 561 (7th Cir. 1995). Therefore, plaintiff has failed to show that defendants were deliberately indifferent to plaintiff's health and safety or that they denied plaintiff the "minimal civilized measure of life's necessities" by leaving him in a cold cell without clothing or bedding.

9

ii.  lack of soap and toilet paper

In his amended complaint, plaintiff alleged that he never received soap or enough toilet paper while in his segregated cell.  There may be circumstances in which the lack of soap and toilet paper establish an Eighth Amendment violation; life's necessities may also include hygiene.  Jiles v. Breen-Smith, 2009 WL 4827065 at *5 (W.D. Wis. Dec. 8, 2009).  However, plaintiff has failed to offer any evidence that any defendants knew that he needed soap or more toilet paper during this time.  Thus, even if a reasonably jury could find that plaintiff was denied the "minimal civilized measure of life's necessities," it could not find that defendants were deliberately indifferent to the denial.

b.  Humiliation and psychological harm

In opposing defendants' motion for summary judgment, plaintiff appears to be pursuing a theory that by depriving him of life's necessities (clothing, bedding, soap and toilet paper), defendants violated his rights by disciplining him in a way that was "intended to humiliate and inflict psychological pain."  It is well established that *strip searches* "conducted in a harassing manner intended to humiliate and cause psychological pain" are unconstitutional.  Mays v. Springborn, 575 F.3d 643, 649 (7th Cir. 2009).  It is not clear whether this rationale applies equally to other forms of humiliating treatment.  Even if he did, plaintiff has adduced no evidence that defendants' refusal to provide him these necessities was "intended to humiliate and inflict psychological pain."  Plaintiff may believe

10

that his misconduct was not reason enough to leave him without his items for a short period of time, but his own belief is insufficient to suggest that defendants intended to humiliate him and inflict psychological pain.

In summary, plaintiff has failed to offer evidence that any defendant acted with deliberate indifference or with an intent to humiliate or psychologically harm him. Therefore, I will grant defendants' motion for summary judgment.

One other matter must be addressed.  In opposing defendant's motion for summary judgment, plaintiff argues that defendants Neumaier and Swenson used excessive force in violation of the Eighth Amendment by slamming him into a wall and causing a cut above his eye before taking him to his controlled segregation cell.  This claim is not a part of this lawsuit.  Plaintiff did not allege facts to support it in his amended complaint and was never granted leave to proceed on the claim.  If he wishes to pursue the claim, he will have to file a new lawsuit. I explained this to plaintiff in Nasser v. Neumaier, Case No. 3:10-cv-00399-bbc (Sept. 30, 2010), another case in which plaintiff tried unsuccessfully to add this claim.

ORDER

IT IS ORDERED that the motion for summary judgment filed by defendants Captain Dylon Radtke, Brian Neumaier, Mark Isaacson, Ronald Swenson, Alan Pulver, Victor Trimble, Jason Krocker, Dr. Ryan Tobiasz, Sergeant Robert Morrin, Sergeant James Kottka, Ryan Armson, Brian Cahak, William Conroy, Jonathan Parker, Logan Walker, Lieutenant

11

Thomas Schoeneberg and Captain Sean Salter is GRANTED.  The clerk of court is directed

to enter judgment for defendants and close this case.

Entered this 20th day of October, 2010.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge