IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

HAKIM NASEER,

                                                                       ORDER

               Plaintiff,

                                                     09-cv-569-bbc

     v.

CAPT. RADTKE, *et al.*,

               Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
HAKIM NASEER,

                                                                    ORDER

             Plaintiff,

                                                   09-cv-699-bbc

     v.

TRUMM *et al.*,

               Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

     In these two cases, plaintiff Hakim Naseer, a state prisoner, was allowed to proceed without prepaying the full filing fee. The court's orders provided that plaintiff was obligated to pay the full filing fee for each case, and that his prison account "will be monitored and the fee taken in monthly installments when the funds exist." 09-cv-569-bbc, dkt. #4; 09-cv-699-bbc, dkt. #6. Specifically, the Prison Litigation Reform Act provides that, after payment of the initial partial filing fee, the prison shall forward payments from the prisoner's account equaling 20 percent of the inmate's income from the preceding month until the fee is fully paid. 28 U.S.C.A. § 1915(b).

     Naseer now has filed identical motions in both cases in which he contends that prison officials improperly used his November 2021 federal stimulus payment to pay federal filing fees. 09-cv-569-bbc, dkt. #69; 09-cv-699-bbc, dkt. #10. Specifically, Naseer asserts that

he received a federal stimulus payment in the amount of $1,228.18 in November 2021. According to an attached exhibit, at that time Naseer owed PLRA filing fees in 12 cases. Exh. A. The balances owed on the two actions filed in this court were $178.32 and $212.60, respectively. Because the balance in each case was less than $245.60 (20 percent of $1,228.18), the prison paid the balances in full, then used the remaining stimulus funds to pay off another filing fee in full and to make payments in three other cases, ultimately distributing the entirety of his $1,228.18 stimulus check.

In his motion, Naseer seems to argue that the prison violated this court's orders by taking more than 20 percent of his stimulus check for the payment of federal filing fees. He asks this court to "impose sanctions or corrective order to take only the 20% and disperse the rest to other outstanding debts." However, he cites no authority for his suggestion that the prison should withhold a maximum of 20 percent of his stimulus check for court fees. In fact, the United States Supreme Court has expressly held that "§ 1915(b)(2) calls for simultaneous, not sequential, recoupment of multiple filing fees." Bruce v. Samuels, 577 U.S. 82, 87 (2016). Thus, the prison could withhold and distribute up to 20 percent of Naseer's stimulus check for *each* of the PLRA cases for which he still owed filing fees. To the extent he suggests that other debts should have been given priority, he offers no authority to that effect. Accordingly, his motions are denied.

ORDER

IT IS ORDERED THAT plaintiff Hakim Naseer's motions for sanctions, dkt. #69 in 09-cv-569-bbc and dkt. #10 in 09-cv-699-bbc, are DENIED.

Entered this 16th day of June, 2022.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge